# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### No. 5:06-CV-410-FL

| | |
|---|---|
| JANICE K. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb, regarding the cross-motions of the parties for judgment on the pleadings (DE ## 9, 12). The magistrate judge recommended that plaintiff's motion should be denied, defendant's motion should be granted, and the final decision of the Commissioner should be upheld, denying disability insurance benefits to plaintiff. Plaintiff filed objections to the M&R (DE # 17), and the time to respond having expired, the issues presented are ripe for ruling. For the following reasons, this court adopts the M&R of the magistrate judge denying disability benefits and enters this opinion addressing *de novo* the portions of the M&R to which plaintiff has raised objection.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits ("DIB") on November 25, 2003, alleging that she became unable to work on December 31, 2002 (Tr. 12-13). Plaintiff's application was denied initially and upon reconsideration. Id. at 12. Following an administrative hearing, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled during the relevant

time period, in a decision dated November 7, 2005. The Social Security Administration's Office of Hearings and Appeals denied plaintiff's request for review, thereby rendering the decision of the ALJ final. Id. at 4-7. Plaintiff commenced an action October 11, 2006 seeking judicial review of the ALJ's final decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### A. Standard of Review

The court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). When reviewing under the substantial evidence standard, the court should not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Rather the court will examine the decision of the ALJ with respect to the ALJ's application of law: "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. Accordingly, the district court must ascertain whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

In considering objections to the magistrate judge's recommendation, the district court conducts a *de novo* inquiry into the portions of the M&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify,

2

in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## ANALYSIS

A.      Qualification for Medical Listings

Plaintiff first objects to the ALJ's determination that plaintiff did not meet the requirements for the Medical Listings regarding impairments of the respiratory system, namely Listing 3.03 B. Plaintiff argues that the medical evidence supports consideration for a listing under either 3.03 B and 3.02 A. Plaintiff cites specific medical evidence to buttress the contention that categorization under either of these Listings would have been appropriate, such as a Spirometry Report dated November 2002, and severe symptoms arising from asthma. (Pl.'s Obj. to M&R at 1-2).

As explained above, review of an ALJ's factual determination in this context is limited to an inquiry into whether substantial evidence exists to support the ALJ's decision, and whether correct law was applied. The ALJ's decision with regard to whether or not plaintiff qualified under Listings 3.03 B, 3.02 A, or any other listing was based upon a weighing of evidence, some of which was conflicting as to the true extent and severity of plaintiff's medical impairment. As such, the sole question for this court to examine in connection with plaintiff's objection on this issue is whether substantial evidence existed to support the ALJ's ultimate decision on this point.

As the ALJ explained, "Listing 3.03B requires attacks that in spite of prescribed treatment and required physician intervention occur at least every two months or at least six times a year." (Tr. 14). Under Section 3.03 "attacks" are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room, or

3

equivalent setting. Id. Based upon the record, substantial evidence existed for a finding that plaintiff did not meet the requirements of Listing 3.03B. In May of 2000 claimant was hospitalized overnight as an in-patient. Assuming that this hospitalization would qualify as an "attack" under 3.03, this episode occurred many months prior to the alleged onset of disability. Nevertheless, the ALJ took this "attack" into consideration. And yet, there was no evidence of any second such attack in the record. Although claimant made regular visits to her treating physician, such visits do not qualify as "attacks" under 3.03, particularly in light of the fact that on many of these visits the doctor reported only mild to moderate respiratory problems. Id.

Claimant also raises an issue regarding the applicability of Listing 3.02A, asserting that the ALJ improperly decided that claimant did not qualify.[1] The ALJ specifically stated that the medical evidence in the record did not entitle claimant to qualification under Listing 3.02A. (Tr. 14). Claimant argues that a Spirometry Report dated November 2002 showed an FEV 1 score of 1.26, and that claimant measures 66 inches, thereby qualifying for the chronic restrictive ventilatory disease requirements listed in Appendix 1, Subpart P, Regulations 4. The Spirometry Report cited by claimant, however, lists the height of the patient as 65 inches, rather than 66. (Tr. 146). Furthermore, a Spirometry Report dated December 11, 2002, lists the height of claimant as 64 inches, and measures the FEV 1 level as 1.82. For a patient with a height of 64-65 inches, the FEV 1 score must be less than or equal to 1.25 in order to qualify the patient for Listing 3.02A. As such, claimant does not qualify for under this Listing either.

---

[1] It is not even clear that claimant sufficiently raised this issue in her motion for judgment on the pleadings: "Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).

In light of the foregoing, the court determines that the ALJ's determination that claimant did not meet the requirements for Listing 3.03B was based upon substantial evidence, and as such must be affirmed. Claimant's argument regarding Listing 3.02A, even if properly raised, is also unavailing in light of the medical evidence in the record, which demonstrates that claimant does not qualify under this Listing. For these reasons, the magistrate judge was correct in finding that claimant did not meet the requirements for any of the Listings regarding impairments of the respiratory system.

B.    Treating Physician's Opinion

Claimant next argues that the ALJ should have accorded more evidentiary weight to the opinion of claimant's treating physician, Alfred Covington, M.D. Alternatively, claimant asserts that if controlling weight was not to be given to the treating physician's opinion, then the ALJ should have applied specific factors to the opinion to determine its evidentiary value.

A treating physician's medical opinion will only be entitled to controlling weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Pursuant to this requirement, if a physician's opinion lacks sufficient clinical evidence or if it is in conflict with other substantial evidence in the record it should be accorded significantly less weight. Craig, 76 F.3d at 590. Thus, "under such circumstances the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178, citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Finally, an ALJ "may, under the regulations, assign no or little weight to a medical opinion,

5

even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings." Wireman v. Barnhart, 2006 WL 2565245 (Slip Op. at 8) (W.D. Va. 2006).

Upon *de novo* review of the record, the court finds that the magistrate judge did not err in upholding the ALJ's decision to assign decreased weight to the medical opinions of plaintiff's treating physician. Furthermore, this court finds that the ALJ sufficiently explained the rationale in according decreased, non-controlling weight to the opinion provided by the treating physician.

The medical opinion at issue appeared in a questionnaire in which Dr. Covington was asked whether the claimant's condition met Listing 3.03B, to which he answered in the affirmative. As the ALJ indicates, however, Dr. Covington "did not explain the rationale for his finding nor is there anything that shows what he considered or what the Listing standard was." (Tr. 14). While Dr. Covington made reference to the results of the Spirometry Report, he did not actually relate this medical information to the requirements under Listing 3.03B. Additionally, a finding that claimant qualified under Listing 3.03B was in conflict with other evidence in the record. As previously explained, qualification under Listing 3.03B requires severe "attacks," evidence of which is nowhere to be found in the record for this case. Additionally, Dr. Covington's own examination notes showed that on numerous occasions during the period in question plaintiff's lungs were clear. (Tr. 109, 111, 113, 115, 117, 119, 121, 126, 128, 130, 139, 174, 180, 182, 184). In light of the lack of substantiation for the physician's opinion, as well as the conflicting evidence regarding the underlying condition pertaining thereto, the ALJ was entitled to decline to give controlling weight to the treating physician's opinion.

Plaintiff argues that if controlling weight is not granted to the opinion then certain factors *must* be applied by the ALJ in determining the opinion's weight, namely the factors contained in 20

C.F.R. § 404.1527(d)(2)(i)-(ii) and (d)(3)-(5). While these factors should and did enter the ALJ's consideration, the code section relied upon by claimant in this argument in no way requires the ALJ to provide an individualized written explanation of the results of the application of each listed factor. In the instant case, the ALJ's ultimate determination regarding the evidentiary weight of Dr. Covington's questionnaire opinion did in fact incorporate the factors, and the explanation for the decision to accord decreased evidentiary weight to the opinion explicitly invoked two of the factors cited by claimant: (1) the evidence with which the physician supports his opinion and (2) the consistency of the opinion. (Pl.'s Mem. in Supp. of Mot. for Summ. J. at 11). It was the consideration of these factors that ultimately convinced the ALJ to accord decreased weight to the opinion, as the absence of a sufficient rationale for the opinion and the inconsistency between the opinion and other medical evidence in the record reasonably downgraded the true evidentiary value of the questionnaire.

## CONCLUSION

Upon *de novo* review, the court finds no merit in plaintiff's objections. Therefore, adopting and incorporating herein the recommendation of the magistrate judge, the court upholds the decision of the Commissioner. Plaintiff's motion for judgment on the pleadings (DE #9) is DENIED, and defendant's motion for judgment on the pleadings (DE #12) is GRANTED. The clerk is directed to close the case.

SO ORDERED this the **25** day of October, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge

7